IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PERIMETER MALL, LLC, ) | |
| ) | |
|    Plaintiff, ) | CIVIL ACTION |
| ) | |
| vs. ) | FILE NO. 1:21-cv-02091-AT |
| ) | |
| RETAILING ENTERPRISES, LLC ) D/B/A INVICTA ) | JURY TRIAL DEMANDED |
| ) | |
|    Defendant. ) | |
| ) | |

**MOTION TO DISMISS**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendant Retailing Enterprises LLC ("RELLC"), pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves the Court to dismiss the Plaintiff's state court complaint because it is nothing more than a "formulaic recitation of the elements of a cause of action," the type of complaint that the United States Supreme Court commands is insufficient to survive a 12(b)(6) challenge. Plaintiff's allegation that Florida-based RELLC "refused to deliver possession of the [Atlanta] premises," when in reality, **only forty-six minutes** passed from the time RELLC received a written demand letter from the Georgia attorney for Bermuda-based Plaintiff to the time that Plaintiff filed the instant suit, is

126045688.1

unreasonable and therefore not "plausible" under the Supreme Court's *Twombly* standard. Finally, the Complaint does not strictly comply with O.C.G.A. § 44-7-50 because, on its face, its affidavit reflects that it was notarized on May 30, 2021 but signed on April 30, 2021 and is thus invalid under applicable law. For all of these reasons, Plaintiff's Complaint must be dismissed.

## FACTUAL BACKGROUND

On Friday, April 30, 2021 at 2:11 pm,[1] an individual named "J. Garcia," on behalf of RELLC, signed for a letter from counsel for the Plaintiff, wherein Plaintiff demanded:

> Demand is hereby made that you immediately vacate and return possession of the Premises to your Landlord or your Landlord's agent.
>
> This demand does not constitute termination of the Lease Agreement nor does it relieve you from your obligation to pay rent over the term of the lease.
>
> Please give this matter your prompt attention.

---

[1] https://www.fedex.com/en-us/tracking.html (click on "**TRACKING ID**," type "773583996290," and click "TRACK"). The Court may take judicial notice of the contents of this website because its authenticity cannot reasonably be challenged and it is "capable of accurate and ready determination." *Francarl Realty Corp. v. Town of East Hampton*, 628 F. Supp. 2d 329, 332 n.3 (E.D.N.Y. 2009), *remanded on other grounds*, 375 F. App'x 145 (2d Cir.); *see also Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (finding district court abused its discretion in withdrawing judicial notice of information on website); *Triplet v. Franklin*, 365 F. App'x 86, 92 n.8 (10th Cir. 2010) (taking judicial notice of information on website).

**Exhibit A**[2] (Plaintiff's Demand Letter) at 1.

Forty-six minutes later at 2:57 pm, Plaintiff filed its Complaint with the State Court of DeKalb County. DE No. 1-1 at 3. In the Complaint, Plaintiff alleges that it "desires and has demanded possession of the premises" and that RELLC "has failed and refused to deliver possession of the premises." *Id.* The Complaint includes the affidavit of Plaintiff's counsel, which according to the notary, as reflected in the Complaint, was "[s]worn and subscribed before me this 30th day of May, 2021." *Id.* However, the affiant's signature is dated April 30, 2021.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint" must "present sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Caldwell v. Nationstar Mortg., LLC*, __ F. App'x __, 2021 WL 1229754, at *2 (11th Cir. Mar. 31, 2021) (citations omitted). "The plausibility standard requires that a plaintiff allege sufficient facts 'to raise a reasonable expectation that discovery will

---

[2] "Exhibit" refers to the document attached to this motion. The Court may consider the Demand Letter in connection with the instant motion because the document is incorporated into the Plaintiff's complaint by reference and is central to Plaintiffs' claim. *Rudd v. Suburban Lodges of Am., Inc.*, 67 F.Supp.2d 1366, 1369 n.3 (N.D. Ga. 1999) (if plaintiff refers to certain documents in complaint and those documents are central to plaintiff's claim, court may rely on them for purposes of evaluating motion to dismiss).

reveal evidence' that supports the plaintiff's claim." *Stewart v. Quality Recovery Servs., Inc.*, No. 1:18-CV-1312-AT, 2018 WL 6725553, at *4 (N.D. Ga. Nov. 5, 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Thus,

> A Plaintiff is not required to provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and ***a formulaic recitation of the elements of a cause of action will not do***."

*Id.* (emphasis added) (quoting *Twombly*, 550 U.S. at 555).

## ARGUMENT

Plaintiff's Complaint does not satisfy *Twombly* because it is nothing more than a "formulaic recitation of the elements of a cause of action" for dispossession under O.C.G.A. § 44-7-50. DE No. 1-1 at 3. The statute at issue provides:

> In all cases when a tenant holds possession of lands or tenements over and beyond the term for which they were rented or leased to such tenant or fails to pay the rent when it becomes due and in all cases when lands or tenements are held and occupied by any tenant at will or sufferance, whether under contract of rent or not, when the owner of such lands or tenements desires possession of such lands or tenements, such owner may, individually or by an agent, attorney in fact, or attorney at law, demand the possession of the property so rented, leased, held, or occupied. If the tenant refuses or fails to deliver possession when so demanded, the owner or the agent, attorney at law, or attorney in fact of such owner may immediately go before the judge of the superior court, the judge of the state court, or the clerk or deputy clerk of either court, or the judge or the clerk or deputy clerk of any other court with jurisdiction over the subject matter, or a magistrate in the district where the land lies and make an

affidavit under oath to the facts. The affidavit may likewise be made before a notary public.

O.C.G.A. § 44-7-50(a).  In other words, by its own terms, the statute requires the following elements to establish a cause of action under O.C.G.A. § 44-7-50:

1. "when a tenant holds possession of lands or tenements"

2. the "attorney at law, or attorney in fact of such owner may immediately . . . make an affidavit under oath to the facts . . . before a notary public"

3. "[after the tenant] fails to pay the rent when it becomes due"

4. and "the owner of such lands or tenements desires possession of such lands or tenements, such owner may, individually or by agent, attorney in fact, or attorney at law, demand the possession of the property"

5. "[i]f the tenant refuses or fails to deliver possession when so demanded."

*Id.*  In comparison, Plaintiff's Complaint states as follows:

1. Defendant is in possession as tenant of the premises at the address in DeKalb County as stated above.

2. Affiant is the . . . Attorney . . .

3. Defendant . . . fails to pay the rent which is now past due;

\*\*\*

4. Plaintiff desires and has demanded possession of the premises.

5. Defendant has failed and refused to deliver possession of the premises.

DE No. 1-1 at 3. As the Complaint's and the statute's recitation of the causes of action are substantively identical, under *Twombly*, this effort "will not do." 550 U.S. at 555. Accordingly, Plaintiff's Complaint must be dismissed for failure to satisfy the *Twombly* standard.

Plaintiff's allegation that RELLC "failed and refused to deliver possession of the premises" is not plausible. Plaintiff makes no attempt to explain how "J. Garcia" signed for the Plaintiff's Demand Letter at 2:11 pm on a Friday afternoon, how Garcia was able to both reach and then inform the management of RELLC (which employs more than two hundred individuals) of the Complaint on a Friday afternoon, how RELLC then was able to communicate with the Plaintiff on a Friday afternoon, how RELLC then both failed *and* refused to deliver the premises, how the Plaintiff was then able to complete a sworn affidavit alleging the allegations set forth above, and how the Plaintiff was then able to file the present action at 2:57 p.m., a ***mere forty-six minutes after RELLC received the letter.***

As such, Plaintiff has not "raise[d] a *reasonable* expectation that discovery will reveal evidence' that supports the plaintiff's claim." *Stewart*, 2018 WL 6725553, at *5 (emphasis added) (quoting *Twombly*, 550 U.S. at 556). Rather, the only reasonable expectation under the present record is that discovery will reveal evidence that RELLC did not refuse nor fail to deliver the subject premises prior to

Plaintiff's filing suit because RELLC was provided with insufficient time to do so. Forty-six minutes is simply insufficient for the completion of this type of critical business communication between two sophisticated parties. Plaintiff's contrary allegations are neither plausible nor reasonable in the absence of the allegations that are "require[d] more" by the U.S. Supreme Court in *Twombly*. Accordingly, the Complaint must be dismissed.

The Complaint must also be dismissed because its affidavit, a statutory prerequisite under O.C.G.A. § 44-7-50, is invalid due to the fact that the "signature of the notary . . . is not dated so as to indicate the notary was present at the same time the affiant signed the document." *Hurt v. Norwest Mortg., Inc.*, 260 Ga. App. 651, 654 (2003). It has been the law in Georgia for over a hundred years that an affidavit is only valid if the notary and affiant are present together at the time the affiant signed the document. *Sambor v. Kelley*, 271 Ga. 133, 133 (1999) (citing *Carnes v. Carnes*, 138 Ga. 1 (1912)).

Here, the affiant's signature is dated April 30, 2021, and the notary's signature is dated May 30, 2021. *See* DE No. 1-1. As such, the affidavit is invalid. *See Hurt*, 260 Ga. App. at 654.

"A dispossessory proceeding is statutory and must be strictly construed and observed." *Anita Holdings, LLC v. Outlet Mall of Savannah, LLC*, 357 Ga. App.

403, 405-06 (2020) (citation omitted).  Where "there was no properly-filed affidavit to initiate a dispossessory action," there is "nothing to which [RELLC] needed to respond." *Id.* at 407.  Here, where there is "no properly-filed affidavit to initiate a dispossessory action," due to the invalidity of the document under *Hurt*, there is "nothing to which [RELLC] need[s] to respond."

Accordingly, as Plaintiff has not stated a claim for relief upon which relief can be granted, given the absence of a properly-filed affidavit, the Complaint must be dismissed.

## CONCLUSION

For all of these reasons, RELLC respectfully moves the Court to dismiss the Complaint for failure to state a claim for relief.

Respectfully submitted this 27th day of May, 2021.

                        **CARLTON FIELDS  P.A.**

                        By: */s/ Jason A. Morris*
                             Jason A. Morris
                             Georgia Bar No. 608298
                             1201 West Peachtree Street, Suite 3000
                             Atlanta, Georgia  30309-3455
                             (404) 815-3400
                             (404) 815-3415 (fax)
                             Email:  jmorris@carltonfields.com

                             ***Attorney for Defendant Retailing Enterprises LLC***

## **LOCAL RULE 7.1(D) CERTIFICATION**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared with Times New Roman, 14 point font.

*/s/ Jason A. Morris*

126045688.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 27, 2021, I served a true and correct copy of the foregoing document via the CM/ECF system, which will automatically serve all counsel of record.

*/s/ Jason A. Morris*
Jason A. Morris

126045688.1