IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PERIMETER MALL, LLC,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION FILE NO.** |
| ) | **1:21-cv-02091-SCJ** |
| ) | |
| **vs.** ) | |
| ) | |
| **RETAILING ENTERPRISES,** ) | |
| **LLC, d/b/a INVICTA** ) | |
| ) | |
| **Defendant.** ) | |

### PLAINTIFF'S MOTION FOR REMAND TO STATE COURT PURSUANT TO 28 U.S.C. § 1447 AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Perimeter Mall, LLC by and through its attorney, hereby responds to the Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441 (Diversity of Citizenship) by Defendant Retailing Enterprises, LLC ("RELLC") with this Motion for Remand to State Court pursuant to 28 U.S.C. § 1447.

Plaintiff notes that the Court entered a Show Cause Order in this case on June 14, 2021. Doc. 9. Under that order, Defendant "is ordered to SHOW CAUSE as to why this action should not be remanded for lack of subject matter jurisdiction…" Doc. 9, page 4.  Notably, some of Plaintiff's arguments herein track the analysis of the Show Cause Order.  Plaintiff previously represented to the Court that it would

file a Motion for Remand and, therefore, follows through with that representation by filing this Motion. However, with its Show Cause Order, the Court has already displayed a tight grasp of the issues involved with removal and remand.

## I. Relevant Procedural History

This action was commenced in DeKalb County State court on April 30, 2021 and entitled "Perimeter Mall, LLC vs. Retailing Enterprises, LLC d/b/a Invicta" under DeKalb County State Court Number 21SD00046. Defendant RELLC was served with process on May 6, 2021. On May 13, 2021 apparently Defendant attempted to file a Notice of Removal but according to an "unexplained technical glitch in the federal ECF filing system" that notice could not be located in the federal system. Subsequently, Defendant filed another Notice of Removal on May 18, 2021 alleging federal diversity jurisdiction.

The nature of Plaintiff's original filing in the State Court of DeKalb County is a state court summary dispossessory proceeding based upon Defendant's failure to pay a substantial amount of rent at Perimeter Mall. Under state court dispossessory law and proceedings, Defendant was required to file an answer to the original dispossessory within seven (7) days of service or May 13, 2021. Instead of filing an answer to the dispossessory, Defendant attempted to file its first Notice of Removal.

## II. <u>Requirements of 28 U.S.C. §§ and 1447</u>

28 U.S.C. §§ 1446 provides, pertinent part:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1457 provides, pertinent part:

> (c) A Motion to Remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the Notice of Removal under § 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

This Motion for Remand has been filed within thirty (30) days of removal; all procedural and jurisdictional objections are timely.

## III. <u>Legal Standards Governing Removal</u>

Defendant claims that this Court has original jurisdiction of this state court summary eviction case under 28 U.S.C. § 1332, diversity of citizenship. In its Notice of Removal, Defendant's only set of allegations as to diversity are contained within

paragraph 2, 3 & 4 of the Notice of Removal.  Plaintiff is a limited liability company and Defendant is a limited liability company.

Defendant's allegations as to the citizenship of Plaintiff is contained in paragraph 2 in which Defendant alleges that "upon information and belief, Plaintiff's membership is owned by Brookfield Property Partners L.P., a publicly-traded entity headquartered in and formed under the laws of the British Territory of Bermuda." After establishing in paragraph 3 that Defendant's sole member is an individual citizen of the state of Florida, Defendant goes on in paragraph 4 to summarily claim complete diversity because "Plaintiff is a citizen of a foreign country and RELLC is a citizen of the state of Florida."  The foregoing allegations are the complete record of Defendant's illusory claim of "complete diversity".  These claims are deficient on their face.

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *University of South Alabama vs. American Tobacco, Co., 168 F.3d 405, 411 (11th Cir. 1999).*  Any doubts as to jurisdiction should be resolved by the federal court in favor of remand to the state court. *Id., at 411*.  Furthermore, the party seeking removal based upon diversity of citizenship bears the burden of establishing the citizenship of all parties. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d. 1020, (11th Cir. 2004).*

Unincorporated entities must look to the citizenship of all of their members in order to establish diversity jurisdiction under 28 U.S.C. § 1332. *Americold Realty Trust v. ConAgra Foods, Inc., 577 U.S. ___ (2016)*. A limited liability company is an unincorporated entity. Indeed, a limited liability company is a citizen of any state of which a <u>member of the company is a citizen</u>, similar to citizenship for a limited partnership. *Rolling Greens MHP, L.P. at 1022*. Our Eleventh Circuit Court of Appeals has concluded that the citizenship for an LLC is the citizenship of all its members. *Id., at 1022*. Defendant alleges it is a citizen of the state of Florida by way of its sole member being a citizen of that state. However, as to Plaintiff, Defendant only alleges the citizenship of the <u>owner of Plaintiff's members</u> but is entirely silent as to the citizenship of those members.

Indeed, the Eleventh Circuit Court of Appeals recognizes that, for diversity jurisdiction purposes, not only is a limited liability company a citizen of any state that any member is a citizen of, but that LLCs may have other LLCs as their members, requiring an examination down the line as to the citizenship of all such members. *See Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, (11th Cir. 2017).* Defendant's Notice of Removal is utterly silent as to the identity of Plaintiff's members and whether those members themselves are other limited liability companies.

Defendant admits there are multiple members of Perimeter Mall, LLC but fails to identify the citizenship of any of these members. It is well established that diversity of citizenship for jurisdictional purposes must include complete diversity of all parties. *See Travagio v. American Express Co.*, 735 F.3d 1266, (11th Cir. 2013). Defendant claims there is "complete diversity" in paragraph 4 of its Notice of Removal with no support whatsoever.

This case, as filed, is a summary dispossessory proceeding under state law. Its purpose is to remove Defendant from its premises at Perimeter Mall for failure to pay rent for a sustained period. The State court proceeding is a summary proceeding which Defendant seeks to delay, and now even to dismiss, for failure to state a claim, based upon its application of federal procedural pleading requirements. (See Defendant's Motion to Dismiss and Incorporated Memorandum of Law filed May 27, 2021) Doc. 2. It is Defendant's burden, not Plaintiff's, to establish the citizenship of all members of Plaintiff's LLC and the members of those members in order to keep this removed State court proceeding in the federal court.

### III. Conclusion

Plaintiff's Motion for Remand must be granted. The procedural defects in Defendant's Notice of Removal justify remand along with the absence of federal diversity jurisdiction. Defendant carries the heavy burden of establishing federal jurisdiction and any doubt should be resolved in favor of remand. The Notice of

Removal utterly lacks allegations of complete diversity of citizenship in order to justify removal. It would be proper for this Court to refrain from ruling on any substantive motion on this case until the threshold issue of federal court jurisdiction is resolved. The case should be remanded to the State Court of DeKalb County at the earliest opportunity.

   Respectfully submitted this 16th day of June, 2021.

               /s/ Luke A. Kill
               Luke A. Kill
               Georgia Bar No. 457555
               Attorney for Plaintiff

**Andre Kill & McCarthy, LLP**
244 Roswell Street
Suite 1000
Marietta, Georgia 30060
(404) 653-3005 (Direct)
(404) 653-0338 (Facsimile)
lkill@ablaw.net

## **LOCAL RULE 7.1(D) CERTIFICATION**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared with Times New Roman, 14-point font.

/s/ Luke A. Kill

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **PERIMETER MALL, LLC,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) **CIVIL ACTION FILE NO.** |
| | ) **1:21-cv-02091-SCJ** |
| | ) |
| **vs.** | ) |
| | ) |
| **RETAILING ENTERPRISES,** | ) |
| **LLC, d/b/a INVICTA** | ) |
| | ) |
| **Defendant.** | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 16th day of June, 2021, I served a true and correct copy of the foregoing document via the CM/ECF system, via electronic mail, and by depositing a copy into the United States mail, with sufficient postage affixed thereto, to counsel of record, addressed as follows:

**Jason A. Morris**
**Carlton Fields, P.A.**
**1201 West Peachtree Street, Suite 3000**
**Atlanta, Georgia 30309-3455**

/s/ Luke A. Kill
Luke A. Kill
Georgia Bar No. 457555
Attorney for Plaintiff

**Andre Kill & McCarthy, LLP**
244 Roswell Street
Suite 1000
Marietta, Georgia 30060
(404) 653-3005 (Direct)
(404) 653-0338 (Facsimile)
lkill@ablaw.net