IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PERIMETER MALL, LLC, | ) |
| | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO. |
| | ) 1:21-cv-02091-SCJ |
| | ) |
| vs. | ) |
| | ) |
| RETAILING ENTERPRISES, | ) |
| LLC, d/b/a INVICTA | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S AMENDED MOTION FOR REMAND TO STATE COURT PURSUANT TO 28 U.S.C. § 1447 AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Perimeter Mall, LLC by and through its attorney, hereby responds to the Amended Notice of Removal by Defendant Retailing Enterprises, LLC ("RELLC") Doc. No. 16. with this Amended Motion for Remand to State Court Pursuant to 28 U.S.C. § 1447.

Plaintiff notes that the Court entered a Show Cause Order in this case on June 14, 2021. Doc. No. 9. Under that order, Defendant "is ordered to SHOW CAUSE as to why this action should not be remanded for lack of subject matter jurisdiction…" Doc. No. 9, page 4. In response to the Show Cause Order, Defendant filed its Amended Notice of Removal.

# I. Relevant Procedural History

This action was commenced in DeKalb County State Court on April 30, 2021 and entitled "Perimeter Mall, LLC vs. Retailing Enterprises, LLC d/b/a Invicta" under DeKalb County State Court Number 21SD00046. Defendant RELLC was served with process on May 6, 2021. On May 13, 2021 Defendant apparently attempted to file a Notice of Removal but according to an "unexplained technical glitch in the federal ECF filing system" that notice could not be located in the federal system. Subsequently, Defendant filed another Notice of Removal on May 18, 2021 alleging federal diversity jurisdiction.

The nature of Plaintiff's original filing in the State Court of DeKalb County is a state court summary dispossessory proceeding based upon Defendant's failure to pay a substantial amount of rent for premises at Perimeter Mall. Under state court dispossessory law and proceedings, Defendant was required to file an answer to the original dispossessory within seven (7) days of service, or May 13, 2021. Instead of filing an answer to the dispossessory, Defendant attempted to file its first Notice of Removal.

# II. Requirements of 28 U.S.C. §§ and 1447

28 U.S.C. §§ 1446 provides in pertinent part:

>   (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such

action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1457 provides in pertinent part:

> (c) A Motion to Remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the Notice of Removal under § 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

This Amended Motion for Remand has been filed within thirty (30) days of the Amended Notice of Removal; all procedural and jurisdictional objections are timely.

### III. <u>Legal Standards Governing Removal</u>

As another delay tactic, Defendant now claims that this Court has original jurisdiction of this state court summary eviction case under 28 U.S.C. § 1332(a)(2), alienage jurisdiction. In its Amended Notice of Removal, Defendant's threadbare set of allegations as to alienage jurisdiction are contained within paragraph 2, 3 & 4. Doc. No. 15. Plaintiff is a limited liability company and Defendant is a limited liability company.

As to the foreign citizenship of Plaintiff, Defendant solely alleges that "[t]he sole member of Plaintiff is Brookfield Property Partners, L.P. ("Brookfield"), a limited partnership headquartered in and formed under the laws of the British Territory of Bermuda." Doc. No. 15. Then, after establishing that Defendant's sole member is an individual citizen of the state of Florida, Defendant goes on to summarily claim alienage jurisdiction because "Plaintiff is a subject of the United Kingdom and RELLC is a citizen of the state of Florida." Doc. No. 15. The foregoing allegations are the complete record of Defendant's illusory claim of "alienage jurisdiction." These claims are neither sufficient nor true.

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *University of South Alabama vs. American Tobacco, Co., 168 F.3d 405, 411 (11th Cir. 1999)*. Any doubts as to jurisdiction should be resolved by the federal court in favor of remand to the state court. *Id., at 411*. As noted in the Court's Show Cause Order, it is Defendant's burden to demonstrate jurisdiction by a preponderance of the evidence.

By its Amended Notice of Remand, with its abandonment of diversity jurisdiction, Defendant admits the fallacy of its original argument for federal jurisdiction. Instead, Defendant presents Plaintiff with a game of "whack-a-mole," chasing alternative claims for federal jurisdiction. If alienage jurisdiction is

4

appropriate and proper in this matter, then why did Defendant fail to raise it in the first instance?

Defendant also plays fast and loose with the "facts" alleged in the original Notice of Removal compared to its Amended Notice of Removal. In the original notice, Defendant claims that <u>Brookfield owns the members</u> of Perimeter Mall, LLC. Doc. No. 1, ¶ 2. Conversely, in the amended notice, Defendant claims that <u>Brookfield is the sole member of Perimeter Mall, LLC</u>. Doc. No. 15 ¶ 2. The source of Defendant's factual allegations is unclear and they remain unexplained and unsubstantiated in the record.

Defendant has its facts all wrong. Defendant misstates facts in both its original Notice of Removal and the Amended Notice of Removal. Per the Declaration attached hereto as Exhibit "A", Brookfield is not the sole member of Perimeter Mall, LLC. And contrary to Defendant's claims, Brookfield is not a member of Perimeter Mall, LLC at all. Additionally, Perimeter Mall is not a subsidiary of Brookfield. Brookfield is only connected to Plaintiff through multiple levels of ownership and only by its ownership of shares in a public REIT, Brookfield Property REIT, Inc. f/k/a GGP, Inc. The citizenship, ownership, and status of the various entities support remand, not the exercise of federal court jurisdiction. Defendant's claim to the invocation of alienage jurisdiction when it itself is not the foreign citizen/entity turns alienage jurisdiction and the policies in support thereof

5

completely on its head. Alienage jurisdiction is recognized for the benefit of a foreign entity/citizen, to assist in avoiding local bias and prejudice against foreigners when haled into local courts in the United States. Also supporting alienage jurisdiction is the concern that other nations may take offense if the affairs of their citizens were not treated at the national level.

**§ 102.73 Purpose of Alienage Jurisdiction**

> Alienage jurisdiction was intended to provide the federal courts with a form of protective jurisdiction over matters implicating international relations, in which the national interest is paramount. The dominant considerations prompting the provision for this type of jurisdiction appear to have been the following:
>
> 1. Failure of individual states to protect foreign citizens under treaties; and
>
> 2. Apprehension of entanglements with other sovereigns that might ensue from failure to treat the legal controversies of aliens on a national level.

*15A Moore's Federal Practice*, § 102.73 (Matthew Bender 3d Ed.)

Neither Plaintiff nor Defendant has any of these concerns. Plaintiff chose the forum of DeKalb State Court for this state court dispossessory proceeding and intends to exercise any and all rights or remedies in its quest to return the dispute to that forum. RELLC is attempting to seize the protection afforded to an alleged foreign entity in order to justify its removal and misappropriates the choice of forum in this matter.

Such an application of alienage jurisdiction here is unjustified and a waste of the Court's time and resources.

Brookfield is not, and never has been, a party to this case. RELLC's factual allegations differ from one filing to the next. Defendant has failed to accurately confirm the relationship of Brookfield to the real parties multiple times. The relationship between Brookfield and Plaintiff travels through ownership of shares in a public entity which should break any connection as to shared citizenship.

The shifting attempts to cling to federal jurisdiction is delaying a state court summary proceeding. That state court case would have, in all likelihood, been completed by now. Defendant remains in the subject premises at Perimeter Mall without payment of rent. While the parties thrash about over phantom federal jurisdiction for a uniquely state court proceeding, Defendant continues to accrue unpaid rent at the mall, which now exceeds $100,000.00.

This case, as filed, is a summary dispossessory proceeding under state law. Its purpose is to eject Defendant from its premises at Perimeter Mall for failure to pay rent over a sustained period. Defendant seeks to delay, and now even dismiss, this state court summary proceeding, for failure to state a claim, based upon its application of federal procedural pleading requirements. (See Defendant's Motion to Dismiss and Incorporated Memorandum of Law filed May 27, 2021) Doc. No. 2, and Motion to Dismiss Amended Complaint Doc. No. 14. It is Defendant's burden,

7

not Plaintiff's, to establish federal jurisdiction to keep this state court action in federal court. Defendant has failed to do so.

### III. Conclusion

Plaintiff's Amended Motion for Remand must be granted. The procedural defects in Defendant's Amended Notice of Removal, along with the absence of federal diversity or alienage jurisdiction, justify remand. Defendant carries the burden of establishing federal jurisdiction and any doubt should be resolved in favor of remand. The Amended Notice of Removal lacks any accurate allegation of alienage jurisdiction in order to justify removal. It would be proper for this Court to refrain from ruling on any substantive motion in this case until the threshold issue of federal court jurisdiction *vel non* is resolved. The case should be remanded to the State Court of DeKalb County at the earliest opportunity.

Respectfully submitted this 9th day of July, 2021.

/s/ Luke A. Kill
Luke A. Kill
Georgia Bar No. 457555
Attorney for Plaintiff

**Andre Kill & McCarthy, LLP**
244 Roswell Street
Suite 1000
Marietta, Georgia 30060
(404) 653-3005 (Direct)
(404) 653-0338 (Facsimile)
lkill@ablaw.net

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| PERIMETER MALL, LLC, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:21-cv-02091-SCJ |
| vs. | ) | |
| | ) | |
| RETAILING ENTERPRISES, LLC, d/b/a INVICTA | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF GREGORY LYNCH

**PERSONALLY APPEARED** before the undersigned attesting officer, duly authorized by law to administer oaths, Gregory Lynch, Esq. ("Declarant") who, after being duly sworn, states as follows:

1.

Declarant is over the age of eighteen (18) years, is laboring under no disability, and makes this Declaration based upon his personal knowledge for all purposes permitted by law.

2.

Declarant is a member in good standing of the Illinois State Bar and serves as Assistant Secretary as well as the Senior Vice President and Senior Associate General Counsel for Brookfield Properties Retail and makes this Declaration in

support of Plaintiff's Amended Motion for Remand to State Court, Pursuant to 28 U.S.C. § 1447.

3.

Brookfield Property Partners, L.P. is not the sole member of Perimeter Mall, LLC.

4.

Brookfield Property Partners, L.P. is not a member of Perimeter Mall, LLC.

5.

Perimeter Mall, LLC is not a direct subsidiary of Brookfield Property Partners, L.P..

6.

Brookfield Property Partners, L.P. is many levels removed from Perimeter Mall, LLC and is only connected to the Plaintiff through its ownership of shares in Brookfield Property REIT Inc., a public REIT f/k/a GGP Inc.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of July, 2021.

_____
Gregory Lynch

# LOCAL RULE 7.1(D) CERTIFICATION

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared with Times New Roman, 14-point font.


/s/ Luke A. Kill

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PERIMETER MALL, LLC, | ) |
| | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO. |
| | ) 1:21-cv-02091-SCJ |
| | ) |
| vs. | ) |
| | ) |
| RETAILING ENTERPRISES, | ) |
| LLC, d/b/a INVICTA | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of July, 2021, I served a true and correct copy of the foregoing document via the CM/ECF system, via electronic mail, and by depositing a copy into the United States mail, with sufficient postage affixed thereto, to counsel of record, addressed as follows:

**Jason A. Morris**
**Carlton Fields, P.A.**
**1201 West Peachtree Street, Suite 3000**
**Atlanta, Georgia 30309-3455**

/s/ Luke A. Kill
Luke A. Kill
Georgia Bar No. 457555
Attorney for Plaintiff

**Andre Kill & McCarthy, LLP**
244 Roswell Street
Suite 1000
Marietta, Georgia 30060
(404) 653-3005 (Direct)
(404) 653-0338 (Facsimile)
lkill@ablaw.net