# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**PERIMETER MALL, LLC,**

  **Plaintiff,**

**v.**

**RETAILING ENTERPRISES, LLC D/B/A INVICTA,**

  **Defendant.**

**CIVIL ACTION FILE NO.**

**1:21-CV-2091-SCJ**

## ORDER

This matter is before the court on a *sua sponte* review of subject matter jurisdiction. Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001) ("Federal courts are courts of limited jurisdiction and are required to inquire into their jurisdiction at the earliest possible point in the proceeding.").

A review of the record shows that on June 14, 2021 the Court issued a show cause order (Doc. No. [9]) directing Defendant Retailing Enterprises, LLC to show cause as to the citizenship of the Plaintiff LLC, as in its Notice of Removal, Defendant failed to proper allege the citizenship of said LLC. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004)

("To sufficiently allege the citizenships of . . . unincorporated business entities, a party must list the citizenship of all the members of the limited liability compan[ies].") (emphasis added).

On June 30, 2021, Defendant filed an Amended Notice of Removal and the parties also engaged in extensive briefing as to Plaintiff's subsequently filed motions for remand. Doc. Nos. [12], [16], [18], [21], [22]. After review of the filings, the Court has doubts as to its jurisdiction—as the citizenship of Plaintiff, Perimeter Mall, LLC, remains unclear.

In accordance with applicable Eleventh Circuit authority, the Court resolves its doubts in favor of remand to the state court. See Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.") (citations omitted).

Defendant's request for discovery is denied in light of binding Eleventh Circuit authority. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1218 (11th Cir. 2007) ("Post-removal [jurisdicitional] discovery disrupts the careful assignment of burdens and the delicate balance struck by the underlying rules. A district

court should not insert itself into the fray by granting leave for the defendant to conduct discovery or by engaging in its own discovery. Doing so impermissibly lightens the defendant's burden of establishing jurisdiction. A court should not participate in a one-sided subversion of the rules. The proper course is remand.")

In conclusion, pursuant to 28 U.S.C. § 1447(c), the Court hereby *sua sponte* **REMANDS** this case to the State Court of DeKalb County, Georgia for lack of subject matter jurisdiction. The motions for remand (Doc. Nos. [12], [18]) are **MOOT**. The Clerk is **DIRECTED** to effectuate said remand and close this case.[1]

**IT IS SO ORDERED** this 9th day of August, 2021.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

[1] No ruling is made on the motions to dismiss at Doc. Nos. [2], [14].

3